Filed 11/24/15  Fluor Corp. v. Superior Court CA4/3
Opinion on Remand

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| FLUOR CORPORATION,<br><br>    Petitioner,<br><br>      v.<br><br>SUPERIOR COURT OF ORANGE COUNTY,<br><br>    Respondent;<br><br>HARTFORD ACCIDENT & INDEMNITY COMPANY,<br><br>    Real Party in Interest. | G045579<br><br>(Super. Ct. No. 06CC00016)<br><br>O P I N I O N |

Original proceedings; petition for a writ of mandate to challenge an order of the Superior Court of Orange County, Ronald Bauer, Judge.  Petition granted.

Latham & Watkins, Brook B. Roberts and John M. Wilson for Petitioner.

No appearance for respondent.

Gaims, Weil, West & Epstein, Alan Jay Weil; Shipman & Goodwin, James P. Ruggieri and Joshua D. Weinberg for Real Party in Interest.

\*          \*          \*

Petitioner Fluor Corporation seeks a writ of mandate to compel the respondent superior court to grant its motion for summary adjudication of the first and second causes of action in Hartford Accident & Indemnity Company's (Hartford's) cross-complaint.[1]  Upon direction of the California Supreme Court, we grant the petition.

We need not recite the entire factual and procedural background of this matter, because it has been set out in great detail by our high court in *Fluor Corp. v. Superior Court* (2015) 61 Cal.4th 1175, 1182-1187 (*Fluor*).  Here is the short version.

Hartford contended in its cross-complaint against petitioner that it had no obligation to defend and indemnify petitioner under several liability insurance policies because petitioner had obtained the purported right to coverage through an assignment of rights as part of a corporate restructuring, but had failed to secure Hartford's approval of the assignment under the consent-to-assignment clauses in the insurance policies.  In asserting this position, Hartford relied upon *Henkel Corp, v. Harford Accident & Indemnity Co.* (2003) 29 Cal.4th 934 (*Henkel*), in which our Supreme Court had enforced an identical consent-to-assignment clause under a similar fact pattern.  Petitioner nevertheless moved for summary adjudication, contending that *Henkel* had been wrongly decided.  Petitioner argued that in deciding the *Henkel* case, the Supreme Court had failed to consider the effect of Insurance Code section 520 (section 520), which permitted assignments, with or without insurer consent, after the relevant "loss" occurred.

---

[1]      The first and second causes of action are for declaratory relief and unjust enrichment respectively.

The superior court denied petitioner's summary adjudication motion, thereby declining petitioner's explicit invitation to disregard *Henkel* based on section 520. The court remarked, "[The Supreme Court] can be dead wrong, but they are still the Supreme Court." Thereafter, petitioner filed the instant writ petition seeking to overturn the trial court's denial of its motion. We denied the writ petition, concluding, inter alia, that section 520, enacted in 1872, was not a "clear" or "controlling" legislative expression on the assignability of liability insurance for the simple reason that liability insurance did not exist in 1872. Like the trial court, we were not inclined to disagree with Supreme Court precedent based on petitioner's unsupported supposition that the Supreme Court had not considered the effect of section 520 when it issued its opinion in *Henkel*.

The California Supreme Court granted review and concluded that, in fact, it had *not* considered section 520 when it issued *Henkel*. (*Fluor*, *supra*, 61 Cal.4th at p. 1221.) The high court also concluded that consideration of section 520 now required that it overrule its decision in *Henkel*. (*Id*. at p. 1224.) The matter was remanded "for proceedings consistent with" the opinion. (*Ibid*.)

Accordingly, consistent with the Supreme Court's opinion in *Fluor*, we grant the petition for writ of mandate. Let a writ of mandate issue directing the respondent court to vacate its order denying petitioner's motion for summary adjudication of the first and second causes of action of Harford's second amended cross-complaint and to conduct further proceedings consistent with the Supreme Court's opinion in *Fluor, supra*, 61 Cal.4th 1175. Petitioner Fluor Corporation is entitled to recover its costs incurred in this writ proceeding.


IKOLA, J.

WE CONCUR:


O'LEARY, P. J.


RYLAARSDAM, J.